UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY TRONNE BROWN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:12CV443 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was convicted of four counts of various drug offenses by a jury in November of 1998. United States v. Brown, Case No. 4:98CR152 (E.D. Mo. 1999). As a result of the conviction, this Court sentenced movant to 397 months' imprisonment. Id.

Movant appealed his conviction to the United States Court of Appeals for the Eighth Circuit. The Court of Appeals summarily affirmed the conviction. United States v. Williams, 198 F.3d 252 (8th Cir. 1999). Movant then appealed to the United

States Supreme Court which denied him a writ of certiorari. Williams v. United States, 529 U.S. 1094 (2000).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on March 28, 2001. Brown v. United States, Case No. 4:01CV451 RWS (E.D. Mo. 2002). This Court denied the motion on May 30, 2002, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on November 18, 2002.

In the instant motion, movant claims that "new evidence" shows that his counsel, Bruce Simon, was ineffective for failing to argue on appeal that the trial transcript contained no record of the proceeding relating to a "missing" jury note. Movant additionally claims that his counsel was ineffective for failing to argue on appeal that the trial court erred in failing to afford counsel an opportunity to see and respond to the "ex parte" jury note.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of April, 2012.

                                          */s/ Rodney W. Sippel*
                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that movant has extensively asserted challenges regarding the jury note at issue in this motion to vacate in, among other filings, his prior § 2255 motion as well as multiple motions for reconsideration, to amend judgment and to modify the record. Movant has additionally filed a pro se motion for writ of audita querela, which was denied by this Court on March 2, 2012.